IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OSCAR HALL ELLIOTT,

                                                                              ORDER

                Plaintiff,

                                                                          09-cv-596-bbc

     v.

SERGEANT PRICE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Oscar Hall Elliott contends that defendant Sergeant Price violated his right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff seeks leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit plaintiff has given the court, I conclude that plaintiff is unable to prepay even a partial payment of the fee for filing this lawsuit.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In

1

addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint, I conclude that it must be dismissed without prejudice because it violates Fed. R. Civ. P. 8. I will give plaintiff an opportunity to submit an amended complaint that clarifies his claims.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff Oscar Hall Elliott is an inmate at the Dane County jail in Madison, Wisconsin. Defendant Sergeant Price is a building sergeant at the Dane County jail. Since plaintiff has been at the Dane County jail, his mental health has been "mishandled." Plaintiff has bipolar disorder and defendant housed plaintiff with inmates who do not have mental illnesses, causing "several bad and uncomfortable encounters" and threats. Plaintiff notified defendant's staff of the problems. Instead of correcting the problems, defendant placed plaintiff in administrative confinement.

DISCUSSION

I have determined that plaintiff is raising two possible Eighth Amendment claims against defendant: (1) that defendant failed to protect plaintiff from a substantial risk of

serious harm at the hands of other inmates; and (2) that defendant failed to provide adequate medical care for plaintiff's bipolar disorder. Unfortunately, I cannot determine whether plaintiff has stated a claim on which relief may be granted because he has not provided enough information about his medical condition and treatment, the risks of harm he suffered by being housed improperly and defendant's personal knowledge and involvement.

Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The primary purpose of this rule is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services., Inc., 20 F.3d 771, 775 (7th Cir. 1994). Plaintiff has not provided sufficient information to support a claim that defendant failed to protect him from serious harm or that defendant failed to provide proper medical care.

### A. Failure to Protect

The Eighth Amendment gives prisoners a right to remain safe from assaults by other inmates. Langston v. Peters, 100 F.3d 1235, 1237 (7th Cir. 1996). "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To state an Eighth Amendment failure to protect

3

claim, a prisoner must allege that (1) he faced a "substantial risk of serious harm" and (2) the prison officials identified acted with "deliberate indifference" to that risk. Farmer, 511 U.S. at 834; Brown v. Budz, 398 F.3d 904, 909 (7th Cir. 2005).

Plaintiff alleges that he was improperly housed with inmates that do not have mental health issues, and that this led to "bad and uncomfortable encounters" and threats. This is enough to infer that plaintiff faced a substantial risk of serious harm.

However, plaintiff's complaint fails to satisfy the second prong of a failure to protect claim. Under the deliberate indifference standard, a prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. It is well established that liability under § 1983 must be based on a respondent's personal involvement in the constitutional violation. Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003); Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff has only alleged that he notified defendant's staff of the uncomfortable encounters and threats that he was experiencing. He has not alleged that defendant personally knew of a serious risk of harm to plaintiff and failed to address that risk. To satisfy Rule 8, he should either include allegations explaining that defendant knew about his complaints, or he should add as defendants the staff members who knew about his complaints.

4

B. Inadequate Medical Care

Aside from prison officials' duty to protect prisoners from serious harm, they have a duty under the Eighth Amendment to provide medical care to those being punished by incarceration. Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Estelle, 429 U.S. at 104; Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, Gutierrez, 111 F.3d at 1371-73 (7th Cir. 1997), "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996) or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer, 511 U.S. at 847.

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

5

(2) Did defendant know that plaintiff needed treatment?

(3) Despite defendant's awareness of the need, did defendant fail to take reasonable measures to provide the necessary treatment?

Plaintiff alleges that he has bipolar disorder and that his mental health has been "mishandled." At this stage, I can assume that plaintiff's bipolar disorder qualifies as a serious medical need. However, plaintiff needs to provide more information about the type of treatment that his medical need required and whether defendant personally knew that plaintiff needed that treatment. Plaintiff also states that he has been "punished" because he has bipolar disorder. Plaintiff should provide more details about the punishment he received, and why he believes that punishment was related to his bipolar disorder.

Because plaintiff's complaint violates Rule 8, I will dismiss his complaint without prejudice. He is free to revise his complaint and provide more information to support his claims. I will give plaintiff until November 5, 2009, to do so. Once the court receives the amended complaint, I will assess the complaint to determine whether plaintiff has pled enough facts to state a claim under the Eighth Amendment. If plaintiff fails to submit an amended complaint by November 5, I will direct the clerk of court to close the file.

ORDER

IT IS ORDERED that:

1. Plaintiff Oscar Hall Elliott's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until November 5, 2009, to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 16th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge