IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OSCAR HALL ELLIOTT,

                Plaintiff,

    v.

SERGEANT PRICE,

                Defendant.

ORDER

09-cv-596-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Oscar Hall Elliott contends that defendant Sergeant Price violated his constitutional rights by refusing to move him out of administrative confinement. On October 16, 2009, I dismissed plaintiff's complaint because it violated Fed. R. Civ. P. 8, and I gave him until November 5, 2009 to submit a proposed amended complaint that provides proper notice. Now before the court is plaintiff's proposed amended complaint.

      Because plaintiff is a prisoner seeking redress against a governmental officer, I am required by the 1996 Prison Litigation Reform Act to screen his amended complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for

1

money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint, I conclude that it must be dismissed without prejudice because it violates Fed. R. Civ. P. 8. Instead of providing additional facts in his amended complaint, plaintiff has provided fewer facts. I will give plaintiff one final opportunity to submit an amended complaint that clarifies his claims.

In his amended complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

At times relevant to this case, plaintiff Oscar Hall Elliott was an inmate at the Dane County jail in Madison, Wisconsin. Defendant Sergeant Price is a building sergeant at the Dane County jail. While plaintiff was in county jail, he asked deputies to remove him from general population and place him in administrative confinement so that he could have some quiet time. Plaintiff did not like administrative confinement and asked defendant Sergeant Price to move him out. Defendant refused to remove plaintiff, and he stayed in administrative confinement for several months.

DISCUSSION

After reviewing plaintiff's original complaint, I determined that plaintiff was raising

2

two possible Eighth Amendment claims against defendant Price: (1) that defendant failed to protect plaintiff from a substantial risk of serious harm at the hands of other inmates; and (2) that defendant failed to provide adequate medical care for plaintiff's bipolar disorder. However, I told plaintiff that if he wished to proceed on a claim that defendant failed to protect him from other inmates, he needed to provide more information about defendant's personal knowledge of plaintiff's risk of harm and failure to protect plaintiff against that risk. Also, I told plaintiff that if he wished to proceed on a claim that defendant failed to provide adequate medical treatment, he needed to provide more information about the type of medical treatment he needed and whether defendant knew that plaintiff needed treatment.

Instead of providing more information about his claims, plaintiff has responded with an amended complaint that contains almost no allegations of facts and is not sufficient to support any claim against defendant. In his amended complaint, plaintiff makes no reference to his bipolar disorder, risk of harm from other inmates or defendant's failure to protect him or provide medical treatment. I cannot combine the allegations of his first complaint with his amended complaint because there can only be one complaint in plaintiff's case. If plaintiff wishes to proceed on a failure to protect claim or a claim for inadequate medical treatment, he must submit one complaint that contains the facts necessary to state such a claim.

Also, the facts in plaintiff's amended complaint suggest that he may be raising a claim

3

that defendant violated his right to procedural due process under the Fourteenth Amendment by keeping him in administrative confinement without justification or a hearing. To state a procedural due process claim, a prisoner must allege facts suggesting that he was deprived of a "liberty interest" and that this deprivation took place without the procedural safeguards necessary to satisfy due process. Sandin v. Conner, 515 U.S. 472, 483-484 (1995). The Supreme Court has explained that liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. Usually, administrative confinement does not involve a liberty interest. Instead, the Supreme Court has held that discretionary segregation is "an ordinary incident of prison life that inmates should expect to experience in their lifetimes." Townsend v. Fuchs, 522 F.3d 765, 771 (7th Cir. 2008) (internal quotations omitted). The Court of Appeals for the Seventh Circuit has held that prisoners do not have a liberty interest in avoiding transfer to administrative confinement for terms under three months. Crowder v. True, 74 F.3d 812, 815 (7th Cir. 1996). However, a period of segregated confinement may be "atypical and significant" "if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." Marion v. Columbia Correction Institution, 559 F.3d 693, 697-98 (7th Cir. 2009) (holding that a prisoner's confinement in segregation for 240 days may implicate a liberty interest).

4

If plaintiff is attempting to state a procedural due process claim in his amended complaint, he needs to provide additional facts that would support such a claim. In particular, plaintiff needs to state how many days he was in administrative confinement. At this point, his amended complaint does not provide the fair notice required by Fed. R. Civ. P. 8 for any claims against defendant. Vicom, Inc. v. Harbridge Merchant Services., Inc., 20 F.3d 771, 775 (7th Cir. 1994) ( A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.")

Plaintiff has now failed twice to properly state a claim in this lawsuit. I will dismiss his amended complaint without prejudice and give him one final opportunity to revise his complaint and provide more information to support his claims. He may have until December 10, 2009, to do so. Once the court receives the amended complaint, I will assess it to determine whether plaintiff has pleaded enough facts to state a claim upon which relief may be granted. If his new amended complaint fails to satisfy Rule 8, I will dismiss his claims with prejudice for failure to state a claim upon which relief may be granted and a strike will be recorded against him. 28 U.S.C. § 1915(g). Also, if plaintiff fails to submit an amended complaint by December 10, I will direct the clerk of court to close the file and record a strike against plaintiff for filing a complaint that fails to state a claim.

ORDER

IT IS ORDERED that

1. Plaintiff Oscar Hall Elliott's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until December 10, 2009, to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case. If his amended complaint fails to satisfy Rule 8 or if he does not submit an amended complaint, a strike will be recorded against him under 28 U.S.C. § 1915(g) for filing a complaint that fails to state a claim upon which relief may be granted.

Entered this 17th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge